**In re CUMMINGS MARKET, INC., Bruce W. Bell, Mary A. Bell, Debtors.**

**Bankruptcy Nos. 83–130, 83–149.**

United States Bankruptcy Court, D. Vermont.

July 29, 1985.

Thomas M. Rounds, Windsor, Vt., for Town of Windsor, Vt.

James B. Anderson, Barre, Vt., for City Bank & Trust Co.

Jerome I. Meyers, White River Junction, Vt., for debtors.

David D. Robinson, Rutland, Vt., Chapter 7 Trustee.

### MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The matter before the court is the objection of the trustee, and that of the City

Bank and Trust Company, to a personal property tax lien of the Town of Windsor. The matter came on regularly for hearing. From the records in the case and the representations of counsel at hearing, the following facts are established.

## FACTS

The debtor, Cummings Market, Inc., filed a voluntary petition under chapter 11 of the Bankruptcy Code (Code) on June 27, 1983. The debtors, Bruce W. Bell and Mary A. Bell, filed a joint petition for relief under chapter 11 of the Code on July 22, 1983. Subsequently, the two cases were consolidated, and were converted to chapter 7 on November 19, 1984.

The town of Windsor has filed a personal property tax claim with respect to the proceeds of certain personal property of Cummings Market, Inc., which personal property was administered by the trustee during this chapter 7 proceeding. The town argues that this claim is secured on the basis of a notice of lien filed pursuant to state law on February 10, 1984 during the pendency of the chapter 11 proceeding. The notice of lien was filed by the town with respect to taxes assessed in connection with the debtors' 1983 tax year.

## DISCUSSION

At issue is whether the post-petition filing of the notice of lien may take effect as a lien against the proceeds of the personal property identified in the notice of lien. There is no dispute concerning the dollar amount of the claim, the sufficiency of the description of the personal property as contained in the notice of lien, or compliance with the technical requirements of the state statute governing the creation of liens against personal property. Rather, the dispute centers on whether the notice of lien filed by the town created a lien effective as against the bankruptcy estate so as to afford secured status to the claim of the town.

Vermont Statutes, Title 32, Section 5072 provides,

The filing of such notice [that a tax lien is claimed ... upon part or all of the personal property of the taxpayer ... to secure the payment of the taxes] shall thereby create and constitute a tax lien on such personal property therein described ...

Pursuant to the foregoing statute, the town created a lien on the personal property of the debtor when it filed a notice of lien post-petition in February 1984.

The filing of the petition on bankruptcy day in 1983 operated as an automatic stay, applicable to the town, of any act to create any lien against property of the estate and of any act to create any lien against property of the debtor to the extent that such lien is intended to secure a claim that arose before the commencement of the case. § 362(a)(4), (5). Thus the automatic stay of Code § 362(a) which went into effect in 1983 with respect to all property of the bankruptcy estates of Cummings Market, Inc. and Bruce Bell and Mary Bell, precludes the court from giving effect to the personal property tax lien created post-petition by the town in its attempt to obtain secured status for purposes of distribution on its claim for personal property taxes assessed in 1983. See House Report No. 595, 95th Cong, 1st Sess. 341 (1977); Senate Report No. 989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. To permit lien creation after bankruptcy would give certain creditors preferential treatment by making them secured instead of unsecured. *Id.*

For the reason that the town created its personal property tax lien after bankruptcy, such lien is of no force or effect as against the bankruptcy estate. Thus, the personal property tax claim of the town constitutes an unsecured claim in this proceeding.

## ORDER

NOW, THEREFORE, upon the foregoing, it is ordered that the objections of the trustee and of the City Bank and Trust Company to the personal property tax lien

of the town of Windsor, Vermont, is SUSTAINED.